FILED
**United States Court of Appeals**
**Tenth Circuit**

**August 25, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

BRITT JARRIEL HAMMONS,

    Defendant - Appellant.

No. 22-6044
(D.C. No. 5:04-CR-00172-F-1)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **PHILLIPS**, **MURPHY**, and **EID**, Circuit Judges.
_____

Britt Hammons appeals the district court's denial in part and dismissal in part

of his motion for sentence reduction and compassionate release under 18 U.S.C.

§ 3582(c)(1). Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

**BACKGROUND**

In 2004, Hammons pleaded guilty to one count of being a felon in possession

of a firearm, in violation of 18 U.S.C. § 922(g)(1). Because he qualified as an armed

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially help determine this appeal. *See*
Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

career criminal under 18 U.S.C. § 924(e), he was given a fifteen-year mandatory minimum sentence to be served consecutively to sentences he was serving for unrelated state convictions. He began serving his federal sentence in 2013.

In February 2022, Hammons moved for a sentence reduction equal to the rest of his sentence. As extraordinary and compelling reasons for release, Hammons cited the COVID-19 pandemic, his medical conditions, his housing conditions, and the need to care for his ailing mother.

The district court dismissed Hammons's motion for lack of exhaustion as to his request for a sentence reduction based on his mother's health.[1] But finding that he had otherwise exhausted his claim, the district court moved to the merits of the motion. The court recognized Hammons's "medical conditions in combination with the ongoing pandemic (including the transmission of the omicron variant) and his participation in rehabilitative programs." Prelim. R. at 18. But it still concluded that the 18 U.S.C. § 3553(a) factors weighed against reducing his sentence given (1) the seriousness of Hammons's offense, (2) his lengthy criminal history, (3) his attempt to escape from imprisonment, and (4) his many infractions while incarcerated. So the court denied his motion for sentence reduction. Hammons timely appealed.

## DISCUSSION

We review a district court's order denying a § 3582(c)(1)(A) motion for abuse of discretion. *United States v. Hemmelgarn*, 15 F.4th 1027, 1031 (10th Cir. 2021).

---

[1] Hammons does not challenge this ruling on appeal.

Relevant here, the weighing of the § 3553(a) factors is committed to the discretion of the district court. *United States v. Hald*, 8 F.4th 932, 949 (10th Cir. 2021). So we will not reverse absent "a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." *Id.* (citation omitted).

In reviewing a motion under 18 U.S.C. § 3582(c)(1)(A), a district court must (1) "find whether extraordinary and compelling reasons warrant a sentence reduction," (2) find whether a sentence "reduction is consistent with applicable policy statements issued by the Sentencing Commission," and (3) "consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by steps one and two is warranted in whole or in part under the particular circumstances of the case." *United States v. Maumau*, 993 F.3d 821, 831 (10th Cir. 2021) (brackets and internal quotations omitted).[2] If a defendant's motion fails any of these steps, the district court may deny the motion without addressing the others. *See United States v. McGee*, 992 F.3d 1035, 1043 (10th Cir. 2021).

---

[2] The § 3553(a) factors are: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) "the need for the sentence imposed to reflect the seriousness of the offense"; (3) "the kinds of sentences available"; (4) "the kind[] of sentence and the sentencing range established for" the offense at the time of sentencing; (5) "any pertinent policy statement" in effect at the time of the defendant's sentencing; (6) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"; and (7) "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a)(1)–(7).

Liberally construing Hammons's Opening Brief,[3] he seems to argue that the district court disregarded that he "has completed countless evidence-based recidivism reduction programs" and that he "has indeed changed for the good." Op. Br. at 4 (cleaned up). We interpret this as a challenge to the district court's § 3553(a) analysis.

The problem for Hammons is that the district court did acknowledge Hammons's participation in rehabilitative programs. *See* Prelim. R. at 18 ("[Hammons's] participation in rehabilitative programs [is] acknowledged[.]"). Moreover, our review of the court's § 3553(a) analysis does not leave us with a firm conviction that the court clearly erred in judgment or exceeded the bounds of permissible choice given the circumstances. *Hald*, 8 F.4th at 949. So we find no abuse of discretion in the court's § 3553(a) analysis. As a result, we need not address Hammons's argument that the district court erred by not following "the facts and statements made by the [Centers for Disease Control and Prevention]." Op. Br. at 3.

Hammons also argues that the district court failed to address an argument in his reply brief because the court erroneously denied his compassionate-release motion before he filed his reply brief. Even assuming that the brief was timely filed[4]

---

[3] Because Hammons is proceeding pro se, "we liberally construe his filings, but we will not act as his advocate." *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

[4] His reply brief was post-marked approximately three weeks after the government filed its response to his motion, and one week after the district court issued its order denying his motion.

and that Hammons had a right to file a reply brief—both of which we greatly doubt after reviewing the Western District of Oklahoma's Local Rules—and even if the district court issued its order prematurely, this argument is meritless.

Hammons's supposedly missed argument pertains to the Supreme Court's decision in *Wooden v. United States*, 142 S. Ct. 1063 (2022).[5] Hammons contends that if he were sentenced post-*Wooden* he "wouldn't have received 180 months." Op. Br. at 3. So in his view, it is only fair that his sentence be reduced to the sentence he would allegedly receive today: 120 months' imprisonment. *Id.* at 4. Putting aside the dubious validity of Hammons's *Wooden* argument, Hammons did not cite or discuss *Wooden* in his reply brief or at any time prior to appeal. And we need not consider arguments raised for the first time on appeal. *See Valdez v. Squier*, 676 F.3d 935, 950 (10th Cir. 2012).

## CONCLUSION

For these reasons, we conclude that the district court did not abuse its discretion in denying Hammons's motion for sentence reduction and compassionate

---

[5] In *Wooden*, the Supreme Court provided guidance on how to determine whether offenses occurred on separate occasions for purposes of the Armed Career Criminal Act. 142 S. Ct. at 1070–71.

release. Thus, we affirm. We grant Hammons's motion to proceed in forma pauperis on appeal.

                                        Entered for the Court


                                        Gregory A. Phillips
                                        Circuit Judge